SEIMON et al., Appellants,

v.

BECTON DICKINSON & COMPANY, Appellee.

[Cite as *Seimon v. Becton Dickinson & Co.* (1993), 91 Ohio App.3d 323.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63949.

Decided Nov. 29, 1993.

*Mondello & Levey, Scott I. Levey* and *Frank P. Giaimo,* for appellants.

*Porter, Wright, Morris & Arthur, Hugh E. McKay, Patricia A. Screen* and *Joyce D. Edelman,* for appellee.

JAMES D. SWEENEY, Judge.

Plaintiffs-appellants Gina and Gerry Seimon appeal from the trial court's order which granted the motion for summary judgment filed by defendant-appellee Becton Dickinson & Company. This product liability suit arose after Mrs. Seimon, a registered nurse, received a puncture wound from a needle, and feared she had been infected with the Human Immunodeficiency Virus ("HIV"), which causes the Acquired Immune Deficiency Syndrome ("AIDS").

On August 17, 1989, Mrs. Seimon was employed by Richmond Heights General Hospital as the Assistant Director of Nursing in charge of education of inpatients, outpatients, nursing staff and the community. As a part of her duties on that day, the appellant was instructing an outpatient on the proper procedure for self-injecting insulin. The patient injected herself, capped the needle, and handed it to the appellant. Upon receiving the syringe from the patient, the appellant's right index finger was punctured by the needle. The needle had penetrated the side of the cap which covered the needle. The appellant performed first aid on herself, and reported to the emergency room of the hospital.

Mrs. Seimon, emotionally upset due to her belief that she was exposed to the AIDS virus, sought counseling to cope with her fears that she had contracted a deadly, incurable disease.

The appellants set forth one assignment of error:

"Whether a nurse should be compensated by a syringe manufacturer for her fear of contracting AIDS when she was pricked with a contaminated needle due to the negligent design of such syringe by the manufacturer."

This court recognizes that AIDS is a serious illness, and presents complex issues for society. AIDS knows neither age, racial nor class distinction. For

health care workers, it is a reality which must be faced on a daily basis. With this in mind, we proceed with our legal analysis of the case *sub judice.*

The standard for deciding a motion for summary judgment is found in Civ.R. 56(C):

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, the Supreme Court cited *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, and discussed the burden of production of evidence at trial:

" * * * A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Celotex v. Catrett* (1986), 477 U.S. 317, 322–323[, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265]. See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798, 800–801."

▆ In the case *sub judice,* the appellants had the burden to support the product liability claim by showing the appellee breached its duty to provide needle caps which would protect the appellant from injury. The appellee attached a copy of the appellants' expert's report to the motion for summary judgment which supports the appellants' claims. This expert's report was uncontested by the appellee.

The appellants next bore the burden of showing that this breach of duty proximately caused Mrs. Seimon's injury, and that she suffered resulting damages. In *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616, the court reiterated:

"As to the elements of a cause of action in negligence it can be said that '[i]t is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125 [47 O.O.2d 282, 247 N.E.2d 732]; *Feldman v. Howard* (1967), 10 Ohio St.2d 189 [39 O.O.2d 228, 226

N.E.2d 564]. * * *' *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710. See, also, *Kauffman v. First–Central Trust Co.* (1949), 151 Ohio St. 298, 306, 39 O.O. 137, 141, 85 N.E.2d 796, 800."

The complaint alleges that the appellant suffered two separate injuries, both physical pain and emotional suffering.[1] The appellee does not contest that the needle puncture caused physical injury, but does, in essence, contest that the defective needle cap was the proximate cause of the emotional suffering.

In *Merchants Mut. Ins. Co. v. Baker* (1984), 15 Ohio St.3d 316, 15 OBR 444, 473 N.E.2d 827, the court stated that proximate cause is normally a question of fact. However, where the appellants have failed to provide any evidence on the issue of causation, no question of fact is present. The appellants here have failed to produce any evidence that Mrs. Seimon was, in fact, exposed to HIV, the virus which causes AIDS. Absent some showing that the defective cap was the proximate cause of Mrs. Seimon's emotional distress, the appellants cannot recover.

The appellants' assignment of error is overruled.

*Judgment affirmed.*

DYKE, C.J., and NAHRA, J., concur.

---

1. The complaint does not set forth a separate cause of action for either intentional or negligent infliction of emotional distress.