■ JAMES E. KAUFMAN et al., Respondents, v PHYSICAL MEASUREMENTS, INC., et al., Appellants. [615 NYS2d 508] —Weiss, J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 27, 1993 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

While employed by the United States Postal Service in the City of Albany on September 22, 1989, plaintiff James E. Kaufman was sorting mail as a postal clerk. His left ring finger was pricked by a hypodermic needle protruding from a "white baglike envelope" mailed by defendant Mary A. Wright, a registered nurse. The envelope was addressed to Equifax Corporation in Albany, a business owned by defendant Physical Measurements, Inc. The needle had been used by White to extract blood as part of a physical examination for an insurance company. Kaufman was treated in the emergency room of a hospital and was tested five times over a period of 18 months for the presence of HIV. The results of all tests were negative for the virus. Kaufman was able to ascertain that the blood sample extracted with the subject hypodermic needle and the individual from whom it had been taken both tested negative for HIV. Kaufman commenced this negligence action to recover damages for personal injuries, including mental pain and emotional distress suffered from fearing that the puncture wound might have infected him with AIDS. Kaufman's wife joined in the action by asserting a derivative cause of action. Contending that plaintiffs' claim of emotional distress is overly remote and speculative and that their causes of action lack merit, defendants moved for summary judgment dismissing the complaint. Supreme Court found that the complaint adequately set forth defendants' breach of duty based on their failure to properly package the needle and alleged that the wound was a "distinct event" which had proximately caused physical injury and emotional distress. Supreme Court concluded that the complaint sufficiently raised triable issues of fact as to whether the claimed psychological injury is compensable. Defendants have appealed from the order denying their respective summary judgment motions.

Concededly, the physical injury sustained by Kaufman was minor and his recovery was speedy. However, the fear of contracting AIDS, i.e., the "Aids Phobia", can be of monumen-

tal proportions. Whether the negligent infliction of emotional distress flowing from that fear is, in the instant case, compensable is a vexing problem since the basis of the claim is a documented physical injury sustained by Kaufman. Unfortunately, " 'the question whether one can recover for emotional injury may not be susceptible to an all-inclusive "yes" or "no" answer' " *(Marchica v Long Is. R. R.,* 810 F Supp 445, 450, quoting *Atchison, Topeka & Santa Fe Ry. v Buell,* 480 US 557, 570). While it is true that New York recognizes a cause of action to recover damages for pure emotional distress *(see, Ferrara v Galluchio,* 5 NY2d 16, 21), to succeed a plaintiff must produce evidence sufficient to guarantee the genuineness of the claim *(Conway v Brooklyn Union Gas Co.,* 189 AD2d 851, 851-852; *see, Johnson v State of New York,* 37 NY2d 378). In the absence of proof of a likelihood of contracting AIDS, recovery for emotional distress will be denied as overly speculative and remote *(see, Matter of Hare v State of New York,* 173 AD2d 523, *lv denied* 78 NY2d 859; *see also, Burk v Sage Prods.,* 747 F Supp 285; *Ordway v County of Suffolk,* 154 Misc 2d 269; *cf., Castro v New York Life Ins. Co.,* 153 Misc 2d 1).

The evidence here shows, first, that Kaufman has tested negative for HIV (the requisite precursor to AIDS), as evidenced by five separate tests taken over an extended period of time. Kaufman's deposition testimony disclosed that neither the blood specimen nor the individual on whom the needle had been used had tested positive for HIV. Simply put, there is no objective medical evidence in this record to substantiate the concern that Kaufman has contracted or been exposed to HIV. Therefore, the claim for emotional distress is too remote and too speculative, and not compensable as a matter of law *(see, Burk v Sage Prods., supra,* at 288). Supreme Court's order should be reversed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motion and cross motion granted, summary judgment awarded to defendants and complaint dismissed.