A96A0590, A96A0591. RUSSAW et al. v. MARTIN et al. (two cases).
(472 SE2d 508)

Judge Harold R. Banke.

Debra Russaw and her husband Jerry Russaw sued Ramona Martin and Liberty Memorial Hospital ("Liberty") for negligence, battery, reckless conduct, and loss of consortium after Debra Russaw sustained a needle strike injury from a used, non-sterile needle which fell from Martin's pocket. Contending the alleged damages were too remote under OCGA § 51-12-8, Liberty and Martin moved for partial summary judgment. The Russaws filed a cross-motion for partial summary judgment regarding the negligence of Martin and Liberty's liability under respondeat superior. The trial court granted partial summary judgment to Liberty and Martin, and denied the Russaws' cross-motion for summary judgment. Both sides appeal.

Summary judgment is appropriate when the trial court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that

light, the evidence was as follows. Debra Russaw was awaiting treatment for her daughter at Liberty's emergency room at the same time as an elderly patient was receiving treatment. Martin, an emergency room nurse, capped the needle used to administer the elderly patient's medication and put the syringe and the needle into her pocket along with her pen and the keys to the narcotics cabinet. Intending to distract Russaw's daughter, as Martin attempted to remove the keys from her pocket, the hypodermic needle intertwined with the keys and fell out, striking and puncturing Debra Russaw's thigh and drawing blood. Martin cleaned and bandaged Russaw's thigh. Initially, Martin told Russaw that the needle was "clean" but shortly afterwards revealed that the needle was considered "contaminated." Martin informed Russaw of her rights concerning blood testing for hepatitis and human immunodeficiency virus infection ("HIV"). With Russaw's consent, an attending medical staff employee administered a blood test. Within approximately ten days, Russaw received a test report indicating that she had tested negatively for hepatitis and HIV. The elderly patient also tested negatively for hepatitis and HIV. Over the next several months, Debra Russaw and her husband had additional tests performed with negative reports.[1]

In support of summary judgment, Martin testified that the syringe contained the remainder of the elderly patient's anti-anxiety medication. Martin further testified that the needle was not contaminated by bodily fluids. Martin stated that she did not recall that Debra Russaw showed any distress at the time of the incident, and the medical report specifically notes that Russaw was not experiencing any acute distress. The Russaws did not offer medical testimony or other evidence to show that the needle made contact with the elderly patient's bodily fluids when it was used in the heparin lock.

The trial court denied the Russaws' motion for partial summary judgment, determining that there were genuine issues of disputed material fact concerning Martin and Liberty's liability for negligence. The trial court determined that any mental anguish claim based on fear of contracting hepatitis or acquired immune deficiency syndrome ("AIDS") in the future was speculative and not compensable. *McQuaig v. McLaughlin*, 211 Ga. App. 723, 727 (440 SE2d 499) (1994) (absence of a cognizable physical injury precludes recovery for any mental distress). However, the trial court found that Russaw had a potentially compensable claim for mental anguish from the time of the physical injury until the negative results of the first HIV test. *Held*:

---

[1] Debra Russaw received four separate negative test results over a several month period.

## Case No. A96A0590

1. The Russaws contend that the trial court erroneously restricted the scope of the damage claim because Georgia law permits recovery for future mental suffering. Where a claim is based on ordinary negligence, the general rule is that damages for mental distress can only be recovered in the event of a physical injury. *Hamilton v. Powell, Goldstein &c.*, 252 Ga. 149, 150 (311 SE2d 818) (1984). In this case, it is undisputed that Debra Russaw incurred a physical injury when the needle pricked her leg.

This case presents an issue of first impression in Georgia as to the scope of permissible damages for mental distress based on a non-sterile needle strike injury. With the exception of *McQuaig*, supra, in which a cognizable physical injury was lacking, Georgia appellate courts have not yet confronted the issues of 1) whether a plaintiff can recover damages premised on a fear of developing AIDS; or 2) whether such fear is unreasonable as a matter of law in the absence of proof of actual exposure to HIV.

Because this is a case of first impression, it is instructive to examine how other states have proceeded. Most jurisdictions require actual exposure to disease as a prerequisite to recovery for damages, in part, because the statistical probability of contracting HIV from a single, needle stick exposure of HIV contaminated blood is only approximately 0.3 to 0.5 percent. *De Milio v. Schrager*, 666 A2d 627, 630 n. 3 (N.J. Sup. Ct. 1995). See, e.g., *Burk v. Sage Products,* 747 FSupp. 285 (E.D. Pa. 1990) (paramedic who pricked finger could not recover absent proof the needle had actually been used on an AIDS patient); *Carroll v. Sisters of St. Francis Health Svcs.*, 868 SW2d 585 (Tenn. 1993) (needle prick plaintiff had to show actual exposure to HIV as prerequisite to recovery for emotional damages); *Funeral Svcs. by Gregory v. Bluefield Community Hosp.*, 413 SE2d 79 (W. Va. 1991) (overruled on other grounds) (fear of contracting AIDS in absence of an actual exposure to the virus, unreasonable and not a legally compensable injury).

A few jurisdictions permit recovery under a "window of anxiety" theory whereby a person possibly exposed to HIV can recover for anxiety and emotional distress up to the point of receiving definitive negative test results. See, e.g., *Faya v. Almaraz*, 620 A2d 327 (Ct. App. Md. 1993) (where operating surgeon failed to disclose his AIDS condition, patients could seek recovery for possible exposure to AIDS during "window of anxiety" period including time lag inherent in obtaining HIV-negative test results); and *De Milio*, 666 A2d at 635 (where dentist violated regulatory requirements for medical waste disposal, sanitation worker could recover for worry during "reasonable window of anxiety" period if he could show reasonable degree of

medical probability that "distinct event" occurred whereby the virus could have been transmitted). In a recent case, a federal court elected to allow the jury to determine whether there was a rational basis for the mental anguish claim because the plaintiff could not determine who had used the discarded needle and whether he had been exposed to HIV. See *Marchica v. Long Island R. Co.*, 31 F3d 1197, 1200 (2nd Cir. 1994) (cert. denied ___ U. S. ___ (115 SC 727, 130 LE2d 631) (1995) (FELA case involving puncture wound caused by hypodermic needle).

In concluding that the needle prick was a sufficient physical injury to support a claim for mental anguish from the time of injury until the negative results of the first HIV test, the trial court here implicitly adopted the "window of anxiety" approach, yet did not simultaneously require proof of actual exposure and proof of a possible channel of communication of disease. For the following reasons, we choose not to adopt this approach.

It is axiomatic that for recovery, there must be some reasonable connection between the act or omission of a defendant and the damages which a plaintiff has suffered. See Prosser & Keeton, Law of Torts, 5th ed., § 54. Without factual evidence of a causal connection between the alleged breach of duty and the purported damages, the damages must be considered whimsical, fanciful and above all too speculative to form the basis of recovery under OCGA § 51-12-8. As in any negligence case, the Russaws had to show both cause in fact and legal cause — that the needle strike injury caused their mental suffering, a generalized fear of contracting disease. The Russaws offered no evidence that the needle was contaminated with HIV or hepatitis. Neither of the Russaws allege that they contracted HIV or AIDS as a result of the needle stick. It is undisputed that the elderly patient tested negatively for both maladies. Debra Russaw has repeatedly tested negatively as has her husband. Moreover, the Russaws failed to refute the affidavit and deposition testimony of Martin that the needle never came into contact with the elderly patient's bodily fluids. Because the statistical probability of contracting HIV from a non-HIV contaminated needle is zero, it cannot be said that in the absence of evidence of actual exposure and a channel of communication, that any purported damages naturally flow from the injury. See *OB-GYN Assoc. v. Littleton*, 259 Ga. 663 (1) (386 SE2d 146) (1989).

To allow recovery for emotional injuries and mental anguish, without any proof whatsoever that Debra Russaw was actually exposed to HIV or hepatitis is per se unreasonable. Compare *Littleton*, 259 Ga. at 664 (1) (recovery of consequential damages for emotional distress permissible where nature of fright or mental suffering naturally follows from physical injury). The Russaws cite no author-

ity that damages can be based on imagined possibilities. Because the Russaws offered no evidence of actual exposure to HIV or AIDS or hepatitis and no evidence of a channel of communication of disease, we hold that their recovery for fear and mental anguish is per se unreasonable as a matter of law.[2] Compare *Boyd v. Orkin Exterminating Co.*, 191 Ga. App. 38, 40 (2) (381 SE2d 295) (1989) (fear of contracting disease in the future not compensable, without showing a "reasonable medical certainty" that such consequence will occur), overruled on other grounds, *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (446 SE2d 741) (1994); and *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 592 (4) (452 SE2d 159) (1994) (expert medical testimony of pesticide exposure created a jury question).

2. The record supports the Russaws' contention that they did not stipulate to items two through five in the trial court's statement of undisputed facts. The Russaws especially challenge Martin's veracity and the precise circumstances under which the needle in question was used. However, in light of the discussion in Division 1, the trial court's treatment of disputed matters as stipulations of fact was harmless error. OCGA § 9-11-61; *Miller Grading Contractors v. Ga. Fed. Sav. &c. Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981).

3. The trial court did not err in holding that material issues of disputed fact precluded summary judgment on the issue of negligence. Issues of negligence, proximate cause, diligence, and contributory negligence are ordinarily reserved for jury determination except in plain and indisputable cases. *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984).

### Case No. A96A0591

4. In their cross-appeal, Liberty and Martin request that the controlling test for the imposition of damages be based on a reasonableness standard and actual exposure, or, in the alternative, that we affirm the trial court order's limiting damages to the "window of anxiety" period. In light of our decision in Division 1, we need not further address the damages issue.

*Judgment affirmed in part and reversed in part in Case No. A96A0590. Judgment reversed in Case No. A96A0591. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 12, 1996 —

---

[2] Recovery for the physical injury from the needle stick and the mental anguish associated with that injury is not foreclosed by this holding.

*David Roberson, Mark R. Jeffrey*, for appellants.
*Fendig, McLemore, Taylor, Whitworth & Durham, Philip R. Taylor, Beth M. Duncan*, for appellees.