■ JOSEPH MONTALBANO, Appellant, v TRI-MAC ENTERPRISES OF PORT JEFFERSON, INC., Doing Business as McDONALD'S, Respondent. [652 NYS2d 780] —In an action to recover damages, *inter alia,* for negligent infliction of emotional distress, including "AIDS-phobia", the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 2, 1995, which upon granting the defendant's motion for summary judgment, is in favor of the defendant and against him dismissing the complaint. Justice Altman has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff claims that he suffered emotional distress, including AIDS-phobia, when he purchased, and consumed, french fries that he later discovered were covered with blood. The court granted the defendant's motion for summary judgment, reasoning that because there was no evidence that the plaintiff had been exposed to HIV, his "claim of AIDS-phobia is too remote and too speculative to be compensable". We now affirm.

In order to maintain an action to recover damages for AIDS-phobia for any period of time, a plaintiff must establish (a) the actual or probable presence of HIV when the alleged transmission occurred, and (b) that there was some injury, impact, or other plausible mode of transmission whereby HIV contamination could with reasonable likelihood enter the plaintiff's bloodstream (*see, e.g., Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36; *Lombardo v New York Univ. Med. Ctr.*, 232 AD2d 459; *see also, Marchica v Long Is. R. R.*, 810 F Supp 445, *affd* 31 F3d 1197, *cert denied* 513 US 1079; *De Milio v Schrager*, 285 NJ Super 183, 201, 666 A2d 627, 636). Under certain circumstances, a plaintiff can remedy a deficiency in one of these prongs by demonstrating that although he is at low risk for HIV infection, he has contracted HIV. If a plaintiff cannot satisfy either of the foregoing prongs, his claim is by definition not genuine, and his fear is too irrational, remote, or speculative to sustain his cause of action (*see, e.g., Kaufman v Physical Measurements*, 207 AD2d 595; *Hare v State of New York*, 173 AD2d 523; *Castro v New York Life Ins. Co.*, 153 Misc 2d 1).

Here, the plaintiff has failed to prove either of the necessary prongs. Although the offending bag remained in the plaintiff's possession, he did not have the substance on it tested, so that he has not demonstrated his "actual" exposure to the AIDS virus, and there is no logical probability that the blood allegedly found in a McDonald's french fries bag would be infected with HIV (*cf., Brown v New York City Health & Hosps. Corp., supra; Marchica v Long Is. R. R., supra; De Milio v Schrager, supra*).

Moreover, the defendant's AIDS expert, Dr. David Rose, averred that it was most unlikely that HIV could have entered the plaintiff's bloodstream through his oral mucosa. The plaintiff thereafter failed to submit any proof in admissible form (e.g., an opposing expert's affidavit) explaining how the exposure he described could lead to infection. Finally, the plaintiff's blood was tested eight and ten months after his alleged exposure, and he was found to be HIV-negative.

We have considered the plaintiff's remaining contention and find it to be without merit. O'Brien, J. P., Copertino, Pizzuto and Altman, JJ., concur.