■ DONNA BLAIR et al., Appellants, v ELWOOD UNION FREE PUBLIC SCHOOLS et al., Respondents. [656 NYS2d 52] —In an action, *inter alia,* to recover damages for the negligent infliction of emotional distress, including "AIDS phobia", the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Henry, J.), entered January 18, 1996, which, upon granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On the morning of May 30, 1992, the then four-year-old plaintiff, Matthew Blair, found a hypodermic needle in a box of musical toys in a classroom at the Harley Avenue School in Greenlawn, where he was participating in a pre-kindergarten orientation class. Matthew promptly turned the syringe over to one of the supervising adults. There was no evidence that the needle had ever been used, and there was similarly no evidence that Matthew stuck himself with it—indeed, he denied that he had. The school principal turned the instrument over to the police, who destroyed it without examining it for HIV or other contaminants. Matthew, who was tested at six and at twelve months after this incident, is HIV-negative.

The plaintiffs commenced this action against the school board and school officials, claiming that their negligence caused both the plaintiff mother, Donna Blair, and Matthew to suffer from, *inter alia,* "AIDS phobia". Following completion of

discovery, the defendants moved for summary judgment, and the court granted the motion, dismissing the complaint. We affirm.

The plaintiffs may not maintain an action to recover damages for "AIDS phobia" where, as here, they have failed to establish (a) the actual or probable presence of HIV when the alleged exposure occurred, and (b) that there was some injury, impact, or other plausible mode of transmission whereby HIV contamination could with reasonable likelihood enter Matthew's bloodstream (*see, e.g., Montalbano v Tri-Mac Enters.,* 236 AD2d 374; *Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36; *Lombardo v New York Univ. Med. Ctr.,* 232 AD2d 459; *see also, Marchica v Long Is. R. R.,* 810 F Supp 445, *affd* 31 F3d 1197, *cert denied* 513 US 1079; *De Milio v Schrager,* 285 NJ Super 183, 201, 666 A2d 627, 636). The plaintiffs' claims are therefore by definition not genuine, and their alleged fears are too remote, or speculative to sustain the complaint (*see, e.g., Kaufman v Physical Measurements,* 207 AD2d 595; *Hare v State of New York,* 173 AD2d 523; *Castro v New York. Life Ins. Co.,* 153 Misc 2d 1). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.