985 P.2d 661

**JOHN & JANE ROES, 1–100, Plaintiffs–Appellants,**

v.

**FHP, INC., a foreign corporation, dba FHP Health Care, a Health Maintenance Organization, aka Family Health International Express, a foreign corporation, TNT Skypak, Inc., a foreign corporation, Pan Oceania Air Express, a foreign corporation, Continental Micronesia, Inc., a foreign corporation, John Does 1–100, Jane Does 1–100, Doe Corporations 1–100, Doe Partnerships 1–100, Doe Governmental Entities 1–100, Doe Joint Ventures 1–100, and Other Doe Entities 1–100, Defendants–Appellees.**

**No. 21504.**

Supreme Court of Hawai'i.

Oct. 6, 1999.

Robert D. Kawamura, Honolulu, and Lono-maikalani P.V. Beamer, on the briefs, for the plaintiffs-appellants John and Jane Roes 1–100

Burnham H. Greeley and Frank P. Richardson, Honolulu (of counsel, Greeley Walker & Kowen), on the briefs, for the defendant-appellee FHP, Inc.

Dean H. Robb and Steven M. Egesdal, Honolulu (of Carlsmith Ball Wichman Case & Ichiki), on the briefs, for the defendant-appellee Pan Oceania Air Express, joined in the brief of the defendant-appellee FHP, Inc.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by LEVINSON, J.

The plaintiffs-appellants John & Jane Roes 1–100 (hereinafter "plaintiffs") filed an action in the United States District Court for the District of Hawai'i, alleging, *inter alia*, (1) negligence and (2) intentional or negligent infliction of emotional distress. In December 1997, the plaintiffs and the defendant-appellee Continental Micronesia, Inc. ("Continental") filed cross-motions for partial summary judgment, and the defendant-appellee FHP, Inc. ("FHP") filed a cross-motion for summary judgment. On February 23, 1998, the federal district court conducted a consolidated hearing on the motions.[1] The court determined that, because the matter presented novel issues of state law, the following questions should, pursuant to Hawai'i Revised

---

1. On May 4, 1999, the federal district court granted Continental's motion for partial sum- mary judgment.

Statutes (HRS) § 602-5(2) (1993),[2] be certified to this court:

A. Whether the courts in the State of Hawai[']i should recognize a cause of action based upon fear of developing [acquired immune deficiency syndrome (]AIDS[) ], if an individual can prove exposure to [human immunodeficiency virus (]HIV[)-]positive blood?

B. If such a cause of action exists, can damages be solely based upon emotional distress, or must the plaintiff demonstrate an underlying physical injury, separate and apart from the emotional distress?

We accepted certification. It appears that the pertinent claim for relief implicated by the facts of the present matter is negligent infliction of emotional distress (NIED).[3] Accordingly, we answer the certified questions as follows: (1) Hawai'i law recognizes a cause of action for NIED arising out of a fear of developing AIDS following exposure to HIV-positive blood resulting in actual physical peril to the claimant; and (2) damages may be based solely upon serious emotional distress, even absent proof of a predicate physical injury.

## I. BACKGROUND

The plaintiffs were baggage handlers employed by Signature Support Flight Service, doing business at the Honolulu International Airport. On or about May 21, 1996, the plaintiffs were unloading baggage from Continental Flight C0906, originating from Guam. Roe 1 moved a bag that, unbeknownst to him, contained a specimen of blood tainted with HIV.[4] The blood was being transported for testing from FHP's facilities on Guam to a laboratory in Honolulu. When he moved the bag, Roe 1 noticed that his hands were wet with blood from the specimen. Two co-workers, Roes 2 and 3, assisted in the clean-up of the specimen and came into contact with the tainted blood. The plaintiffs assert that, at the time of the incident, they were suffering from open wounds on their hands. Each of the plaintiffs subsequently tested negative for HIV.

On March 3, 1997, the plaintiffs filed this action in the circuit court of the first circuit, State of Hawai'i. FHP filed a notice of removal to the United States District Court for the District of Hawai'i. On March 6, 1997, the plaintiffs filed an amended complaint in the federal district court, alleging, inter alia, (1) negligence, (2) negligence based upon respondeat superior, (3) failure to warn, (4) negligent failure to advise that the subject specimen was infectious and/or hazardous, (5) negligent failure to label the package containing the infectious specimen, (6) negligent entrustment of infectious material to a courier for packing and transportation, (7) negligent management, (8) "negligent/lack of proper training/education/supervision regarding the handling of infectious materials," (9) "negligent/lack of enforcement of IATA shipping guidelines/ guidelines for diagnostic specimens/OSHA rules/laws/procedures," (10) negligent failure to provide protective gloves, (11) negligence by omission, (12) negligent shipping, (13) misrepresentation, (14) intentional/negligent infliction of emotional distress, and (15) loss of consortium. Essentially, the plaintiffs contended that they suffered from "AIDS phobia," inasmuch as they claimed damages arising out of the emotional distress that each of them experienced as a result of being negligently exposed to HIV.

## II. STANDARD OF REVIEW

■ The issue presented by the certified question—whether, and to what extent, Ha-

---

2. HRS § 602-5 provides in relevant part that "[t]he supreme court shall have jurisdiction ... [t]o answer, in its discretion, ... any question or proposition of law certified to it by a federal district or appellate court if the supreme court shall so provide by rule[.]" This court has so provided in Hawai'i Rules of Appellate Procedure (HRAP) Rule 13 (1995).

3. It has been noted that "AIDS phobia cases can be divided into two categories: those based on [NIED] and those based on intentional infliction of emotional distress[.]" Mandana Shahvari, Note, *Afraids: Fear of Aids as a Cause of Action,* 67 TEMP. L.REV. 769, 780–81 (1994).

4. The blood was allegedly placed in a glass vial, which had been inserted into a ziploc bag and then packaged in a polyethylene courier satchel.

wai'i recognizes a claim for relief based on a fear of developing AIDS—is a question of law. "Questions of law are reviewable *de novo* under the right/wrong standard of review." *Francis v. Lee Enters., Inc.*, 89 Hawai'i 234, 236, 971 P.2d 707, 709 (1999) (quoting *Best Place, Inc. v. Penn America Ins. Co.*, 82 Hawai'i 120, 123, 920 P.2d 334, 337 (1996) (citation omitted)).

## III. *DISCUSSION*

### A. *A Plaintiff May Assert A Claim For Relief For NIED In Hawai'i, By Virtue Of Negligent Exposure To HIV, Without Demonstrating A Predicate Harm.*

This court first recognized the independent tort of negligent infliction of "mental" distress in *Rodrigues v. State*, 52 Haw. 156, 472 P.2d 509 (1970). In *Rodrigues*, the plaintiffs alleged emotional distress caused by the state having negligently caused extensive flood damage to their home. We acknowledged that, theretofore, the traditional rule had been that "that there [was] no recovery for the negligent infliction of mental distress alone." 52 Haw. at 169, 472 P.2d at 518 (citations omitted). We then rejected the traditional rule, announcing that "the preferable approach is to adopt general standards to test the genuineness and seriousness of mental distress in any particular case" and holding that "serious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* at 171, 173, 472 P.2d at 519–20. Thus, Hawai'i "became the first jurisdiction to allow recovery [for NIED] without a showing of physically manifested harm" to the plaintiff. *Campbell v. Animal Quarantine Station*, 63 Haw. 557, 560, 632 P.2d 1066, 1068 (1981).

In *Rodrigues*, we further recognized that, inasmuch as "the interest in freedom from negligent infliction of serious mental distress is entitled to independent legal protection[,] . . . there is a duty to refrain from the negligent infliction of serious mental distress." *Id.* at 174, 472 P.2d at 520. We also noted that a limitation on the right of recovery in such cases, "as in all negligence cases, is that the defendant's obligation to refrain from particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous." *Id.* at 174, 472 P.2d at 521.

Our first opportunity to apply the principles articulated in *Rodrigues* arose in *Leong v. Takasaki*, 55 Haw. 398, 520 P.2d 758 (1974). In *Leong*, we declared that recovery was potentially available for NIED where a ten-year-old boy witnessed the death of his stepgrandmother. We noted that "this court has not hesitated to grant negligently-inflicted mental distress [—] unaccompanied by resulting physical injuries [—] independent legal protection." *Id.* at 403, 520 P.2d at 762. We therefore held that,

> when it is reasonably foreseeable that a reasonable plaintiff-witness to an accident would not be able to cope with the mental stress engendered by such circumstances, the trial court should conclude that defendant's conduct is the [legal] cause of plaintiff's injury and impose liability on the defendant for any damages arising from the consequences of his negligent act.

*Id.* at 410, 520 P.2d at 765.

This court has noted that "physical injury rules have been criticized as inadequate methods of distinguishing between worthy and unworthy claims."[5] *Larsen v. Pacesetter Systems, Inc.*, 74 Haw. 1, 40, 837 P.2d 1273, 1293 (1992). Accordingly, we have held several times that recovery for NIED is permitted without a showing of physically manifested harm to the plaintiff. *See, e.g., Masaki v. General Motors Corp.*, 71 Haw. 1, 18, 780 P.2d 566, 576 (1989); *Campbell*, 63 Haw. at 560, 632 P.2d at 1068; *Leong*, 55 Haw. at 407, 520 P.2d at 764; *Rodrigues*, 52 Haw. at 173, 472 P.2d at 520.

---

5. "Physical injury rules," utilized to limit liability and guarantee the genuineness of plaintiffs' claims, include requirements that, in order to recover for NIED, a plaintiff must: "(1) experience a 'physical impact;' (2) exhibit physical symptoms of harm; or (3) be in the 'zone of danger' created by the defendant's act." *Larsen*, 74 Haw. at 40, 837 P.2d at 1293.

On the other hand, we have also subscribed to the principle that "recovery for negligent infliction of emotional distress by one not physically injured is *generally* permitted only when there is 'some physical injury to property or [another] person' resulting from the defendant's conduct."[6] *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.*, 76 Hawai'i 454, 465–66, 879 P.2d 1037, 1048–49 (1994) (quoting *Chedester v. Stecker*, 64 Haw. 464, 468, 643 P.2d 532, 535 (1982)) (emphasis added); *see also Tabieros v. Clark Equip. Co.*, 85 Hawai'i 336, 361, 944 P.2d 1279, 1304 (1997). Accordingly, we have denied recovery for NIED where the plaintiff has failed to demonstrate any predicate physical or property injury. *See, e.g., Jenkins v. Liberty Newspapers Ltd. Partnership*, 89 Hawai'i 254, 269, 971 P.2d 1089, 1104 (1999) (defamation action); *Tseu ex rel. Hobbes v. Jeyte*, 88 Hawai'i 85, 92–93, 962 P.2d 344, 351–52, *reconsideration denied*, 91 Hawai'i 124, 980 P.2d 998 (1998) (housing discrimination action); *Ross*, 76 Hawai'i at 466, 879 P.2d at 1049 (discriminatory discharge action). We have declared, however, that recovery for "particularly foreseeable" emotional distress may be had in the context of a breach of contract where there is no predicate injury to the person. *See Francis*, 89 Hawai'i at 241, 971 P.2d at 714 (citing *Brown v. Bannister*, 14 Haw. 34, 36–37 (1902) (discussing recovery for humiliation suffered as a result of a breach of a promise to marry), and *Wilson v. Houston Funeral Home*, 42 Cal.App.4th 1124, 50 Cal.Rptr.2d 169, 173 (Cal.Ct.App. 1996) (discussing recovery for mental anguish caused by a mortician's errors in preparing a body for burial)).

A plaintiff asserting a claim of NIED based on a fear of developing AIDS will not necessarily experience a predicate physical injury. In the present case, for example, it appears that the plaintiffs have not contracted HIV, nor were they physically injured during their handling of the allegedly tainted blood sample. Thus, in order for an NIED claim to be available to the plaintiffs based solely upon their *fear* of AIDS, and in the absence of physical injury sustained by *anyone* as a result of the defendants' conduct, we would, of necessity, be obliged to carve out an exception to our general rule that recovery is permitted only when there is a predicate physical injury to *someone*. *See Ross*, 76 Hawai'i at 465–66, 879 P.2d at 1048–49.

Other jurisdictions have held that recovery for NIED may be allowable where a defendant's negligence places the plaintiff in actual physical peril. *See, e.g., Vallery v. Southern Baptist Hosp.*, 630 So.2d 861, 866 (La.Ct. App.1993) (observing that NIED recovery may be had in "cases allowing damages for fright or nervous shock, where the plaintiff was actually in great fear for his personal safety" (quoting *Moresi v. Department of Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La.1990)); *K.A.C. v. Benson*, 527 N.W.2d 553, 558 (Minn.1995) (noting that recovery for NIED is granted in cases where plaintiffs are "in some actual *personal physical danger* caused by defendant's negligence)" (emphasis added)); *Brown v. New York City Health And Hosps. Corp.*, 225 A.D.2d 36, 648 N.Y.S.2d 880, 885 (1996) (noting that "a cause of action seeking [NIED] recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either [actually] endangered the plaintiff's physical safety or caused the plaintiff fear for his or her own physical safety" (quoting *Creed v. United Hosp.*, 190 A.D.2d 489, 600 N.Y.S.2d 151 (N.Y.App.Div.1993) (quoting *Lancellotti v. Howard*, 155 A.D.2d 588, 547 N.Y.S.2d 654 (N.Y.App.Div.1989)))); *Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 652 N.E.2d 664, 669–70 (1995) (observing that Ohio courts have rec-

---

6. This general rule has been modified somewhat by Hawai'i Revised Statutes (HRS) § 663–8.9 (1993), which provides:

*Serious emotional distress arising from property damage; cause of action abolished; exception for physical injury.* (a) No party shall be liable for the negligent infliction of serious emotional distress or disturbance if the distress or disturbance arises solely out of damage to property or material objects.

(b) This section shall not apply if the serious emotional distress or disturbance results in physical injury to or mental illness of the person who experiences the emotional distress or disturbance.

HRS § 663–8.9 reflects the view expressed by Justice Levinson, concurring and dissenting in *Rodrigues*, 52 Haw. at 178–80, 472 P.2d at 522–23. Justice Abe joined in Justice Levinson's concurring and dissenting opinion.

ognized that a plaintiff may recover for NIED where he or she has been subjected to actual physical peril); *cf. Carroll v. Sisters of Saint Francis Health Servs., Inc.,* 868 S.W.2d 585, 594 (Tenn.1993) (observing that "in some situations, whether the plaintiff has incurred a literal physical injury has little to do with whether the emotional damages complained of are reasonable"). This principle comports with the reasonable person standard originally articulated in *Rodrigues.*

In our view, a reasonable person would foreseeably be unable to cope with the mental stress engendered by an actual, direct, imminent, and potentially life-endangering threat to his or her physical safety. *Cf. Bramer v. Dotson,* 190 W.Va. 200, 437 S.E.2d 773, 775 (1993) (observing that "conventional wisdom mandates that fear of AIDS triggers genuine—not spurious—claims of emotional distress"). This concept is not, as Continental suggests, a departure from "longstanding precedent in the areas of negligence theory and the independent cause of action for [NIED]," but merely entails a recognition that the reasonableness standard established in *Rodrigues* has broader application than has previously been employed. Accordingly,

we hereby recognize an exception to the general rule that recovery for NIED is permitted only when there is some predicate injury to a person, *see Ross* and *Tabieros, supra,* and hold that a claim of NIED for which relief may be granted is stated, *inter alia,* where the negligent behavior of a defendant subjects an individual to an actual, direct, imminent, and potentially life-endangering threat to his or her physical safety by virtue of exposure to HIV.[7]

**B.** *Hawai'i Law Recognizes A Claim Of NIED Where An Individual Can Prove Exposure To HIV–Positive Blood.*

■ A majority of the jurisdictions that have addressed the issue has determined, either expressly or by implication, that, where a plaintiff is actually "exposed" to HIV, he or she may state a claim for fear of contracting AIDS.[8] *See, e.g., Burk v. Sage Products, Inc.,* 747 F.Supp. 285, 286 (E.D.Pa. 1990) (noting that "[a] plaintiff must show exposure to the AIDS virus before he can recover" for emotional distress); *Kerins v. Hartley,* 27 Cal.App.4th 1062, 1074, 33 Cal.

---

7. FHP relies heavily upon, and Continental and Pan Oceania Air Express ask this court to consider, the federal district court's holding in *In re Hawaii Federal Asbestos Cases,* 734 F.Supp. 1563 (D.Haw.1990). In *Hawaii Federal Asbestos Cases,* the court held "that *Rodrigues* requires a compensable harm underlying the emotional distress before recovery may be had for mental anguish." *Id.* at 1569. Accordingly, the federal court denied NIED recovery to plaintiffs who allegedly suffered fear of cancer based solely upon exposure to asbestos. *Id.* at 1570. We note, first, that the holding of *Hawaii Federal Asbestos Cases* is not binding upon this court. *See Leavitt v. Jane L.,* 518 U.S. 137, 146, 116 S.Ct. 2068, 135 L.Ed.2d 443 (1996) (Stevens, J., dissenting) (noting that "the decision of a federal court ... on a question of state law is not binding on state tribunals"). Moreover, we note that *Rodrigues* did *not* mandate a predicate compensable harm.

8. A minority of courts has established an even less stringent standard, holding that a plaintiff may recover for NIED based on fear of AIDS as long as his or her claim is reasonable. *See, e.g., Dollar Inn, Inc. v. Slone,* 695 N.E.2d 185 (Ind.Ct. App.1998); *Faya v. Almaraz,* 329 Md. 435, 620 A.2d 327 (1993); *Hartwig v. Oregon Trail Eye Clinic,* 254 Neb. 777, 580 N.W.2d 86 (1998); *Castro v. New York Life Ins. Co.,* 153 Misc.2d 1,

588 N.Y.S.2d 695 (N.Y.Sup.Ct.1991). Indeed, in a case very similar to the one before us, the New Mexico Supreme Court recognized a cause of action for NIED based on fear of AIDS where *potentially* HIV-positive blood splashed on a woman who was transporting medical samples and allegedly had unhealed paper cuts on her hands. *Madrid v. Lincoln County Med. Ctr.,* 122 N.M. 269, 923 P.2d 1154 (1996). Inasmuch as the certified questions in the present case assume that the plaintiffs have *actually* been exposed to HIV-positive blood, however, we need not address the broader question whether plaintiffs may recover for NIED based upon fear of AIDS where actual "exposure" has not necessarily occurred.

FHP attempts to rely on *Transamerica Insurance Company v. Doe,* 173 Ariz. 112, 840 P.2d 288 (Ct.App.1992), for the proposition that recovery should not be permitted for NIED based on fear of AIDS in the absence of physical injury resulting from exposure to HIV. In *Transamerica,* the Arizona Court of Appeals entertained this question in the context of an insurance policy that only provided coverage for "bodily injury." 840 P.2d at 289. Inasmuch as the *Transamerica* court was construing the language of an insurance policy and did not undertake to establish substantive tort law, the case is inapposite to the present matter.

Rptr.2d 172, 179 (Cal.Ct.App.1994) (holding that, "in the absence of physical injury or illness, damages for fear of AIDS may be recovered only if the plaintiff is exposed to HIV or AIDS"); *Brzoska v. Olson,* 668 A.2d 1355, 1363 (Del.1995) (finding that, "without actual exposure to HIV, the risk of its transmission is so minute that any fear of contracting AIDS is per se unreasonable"); *Russaw v. Martin,* 221 Ga.App. 683, 472 S.E.2d 508 (1996) (noting that "to allow recovery for emotional injuries and mental anguish, without any proof whatsoever that [the plaintiff] was actually exposed to HIV ... is per se unreasonable"); *Majca v. Beekil,* 183 Ill.2d 407, 233 Ill.Dec. 810, 701 N.E.2d 1084, 1090 (1998) (examining claims for fear of AIDS "in light of [the] plaintiffs' actual exposure to AIDS"); *Reynolds v. Highland Manor, Inc.,* 24 Kan.App.2d 859, 954 P.2d 11, 16 (1998) (adopting the requirement that plaintiffs must "demonstrate actual exposure to HIV in order to maintain an action based on fear of acquiring AIDS"); *Falcon v. Our Lady of the Lake Hosp., Inc.,* 729 So.2d 1169, 1173 (La.Ct.App.1999) (holding that, "in order to establish a cause of action [for NIED based on fear of AIDS], a plaintiff must be able to demonstrate the presence of HIV ... and a channel of exposure or infection"); *K.A.C.,* 527 N.W.2d at 559–60 (adopting an "actual exposure requirement" for recovery for emotional damages based on fear of AIDS); *Pendergist v. Pendergrass,* 961 S.W.2d 919, 925–26 (Mo.Ct.App.1998) (adopting an "actual exposure rule in fear of AIDS cases" for NIED recovery); *Brown,* 648 N.Y.S.2d at 886 (concluding that "a plaintiff who has not tested seropositive must offer proof of 'actual exposure' " for cause of action due to fear of AIDS); *Fosby v. Albany Memorial Hosp.,* 252 A.D.2d 606, 675 N.Y.S.2d 231, 232 (N.Y.App.Div.1998) (noting that "a plaintiff who is not HIV positive does not have a viable claim [for NIED] unless there is proof of actual exposure"); *Seimon v. Becton Dickinson & Co.,* 91 Ohio App.3d 323, 632 N.E.2d 603, 605 (1993) (noting that, absent some showing of exposure to HIV as a "proximate cause" of emotional distress,

plaintiffs may not recover); *Carroll,* 868 S.W.2d at 594 (holding that, "[i]n order to recover emotional damages based on the fear of contracting AIDS, the plaintiff must prove ... that he or she was actually exposed to AIDS"); *Drury v. Baptist Mem. Hosp. System,* 933 S.W.2d 668, 674–75 (Tex.App.1996) (noting that fear of contracting HIV and AIDS "should be reasonably based upon circumstances showing actual exposure to the disease causing agent"); *Funeral Services By Gregory, Inc. v. Bluefield Community Hosp.,* 186 W.Va. 424, 413 S.E.2d 79, 84 (1991) (concluding that the court would not recognize a legally compensable injury "where there is no evidence of an actual exposure" to HIV), *overruled on other grounds by Courtney v. Courtney,* 190 W.Va. 126, 437 S.E.2d 436 (1993); *cf. Babich v. Waukesha Mem. Hosp., Inc.,* 205 Wis.2d 698, 556 N.W.2d 144, 148 (Ct.App.1996) (requiring plaintiffs seeking damages for emotional distress "arising out of needlestick injuries (and other puncture wounds) to prove that the device which wounded them came from a contaminated source"). We agree that "exposure" is aptly defined as "proof of both a scientifically accepted transmission of [HIV] ... and that the source of the allegedly transmitted blood or fluid was in fact HIV-positive[.]" *Brown,* 648 N.Y.S.2d at 886; *see also Falcon,* 729 So.2d at 1173 (holding that a plaintiff must demonstrate the presence of HIV and a channel of exposure or infection to recover for NIED based on fear of AIDS).

Exposure to HIV-positive blood "makes the threat of infection much more of a real possibility to be feared and far more than a speculative worry." *Brown,* 648 N.Y.S.2d at 886 (citation omitted). As such, exposure to HIV-positive blood "involve[s] circumstances which guarantee the genuineness and seriousness of the claim." *Rodrigues,* 52 Haw. at 171, 472 P.2d at 519. Inasmuch as actual exposure to HIV-positive blood would in fact pose a direct, immediate, and serious threat to an individual's personal safety, such exposure would foreseeably engender serious mental distress in a reasonable person.[9] Ac-

---

9. FHP suggests that we look to the "more likely than not" threshold employed by the California courts. In *Potter v. Firestone Tire & Rubber Com-* *pany,* 6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795, 816 (1993), the California Supreme Court held that recovery for NIED based on fear

cordingly, we hold that a plaintiff states a claim of NIED for which relief may be granted where he or she alleges, *inter alia,* actual exposure to HIV-positive blood, whether or not there is a predicate physical harm. Thus, assuming that the other elements of NIED are proved, a plaintiff is entitled to a recovery if such actual exposure is proved as well.

 We emphasize, assuming that a plaintiff has been exposed to HIV-positive blood, that liability will attach only to the extent that the resulting mental distress is within the range of that experienced by a reasonable person under the same circumstances. *See Rodrigues,* 52 Haw. at 173, 472 P.2d at 520. Moreover, any damages recoverable for NIED should be confined to the time between discovery of the actual exposure and the receipt of a reliable negative medical diagnosis. *See Carroll,* 868 S.W.2d at 594 (confining recovery for NIED to the period between discovery of exposure and a nega-

tive medical diagnosis); *see also Majca,* 233 Ill.Dec. 810, 701 N.E.2d at 1091.

## IV. CONCLUSION

For the foregoing reasons, we answer the certified questions as follows: (1) Hawai'i law recognizes a cause of action for negligent infliction of emotional distress arising out of a fear of developing AIDS following actual exposure to HIV-positive blood and resulting in actual physical peril to the claimant; and (2) damages may be based solely upon serious emotional distress, even absent proof of a predicate physical injury. We return this case for further proceedings in the United States District Court for the District of Hawai'i.

---

of contracting cancer will only be permitted when "the plaintiff's fear stems from a knowledge corroborated by reliable medical or scientific opinion, that it is *more likely than not that the plaintiff will develop the cancer* in the future due to the toxic exposure." (Emphasis added). The California courts have subsequently applied the "more likely than not" standard to NIED claims based upon the fear of contracting AIDS. *See Kerins,* 27 Cal.App.4th at 1074, 33 Cal.Rptr.2d at 178.

We decline to adopt the standard articulated by *Potter.* First, we note that the "more likely than not" standard is directly at odds with the

reasonableness standard established by our holding in *Rodrigues.* Second, we observe that the "more likely than not" standard has not been applied in the AIDS context by any jurisdiction outside of California and has been expressly rejected by at least one jurisdiction addressing recovery for emotional distress based on fear of AIDS. *See Madrid,* 923 P.2d at 1161–62 (declining to adopt *Potter* and noting that, "[w]hile the policy considerations cited by *Potter* in the context of fear of cancer are not entirely inapplicable when considering fear of AIDS, they are not as compelling").