■ Timothy M. Dunlap, Appellant, v Randy Levine et al., Respondents, et al., Defendant. [706 NYS2d 900] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 19, 1999, which granted the separate motions of the defendants Randy Levine, St. Luke's-Roosevelt Hospital Center, the defendants Health Nutritional Services a/k/a Healthdyne, Med-Tec, Inc., and the defendant U.S. Home Care Corporation of Manhattan for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The respondents made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the appellant failed to produce evidentiary proof in admissible form sufficient to establish the existence of a genuine triable issue of fact. Although the appellant established that he was exposed to the HIV virus and that his fear of contracting the disease was reasonable (*see, Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36; *Montalbano v Tri-Mac Enters.,* 236 AD2d 374; *Blair v Elwood Union Free Pub. Schools,* 238 AD2d 295), he failed to raise an issue of fact as to the respondents' negligence. Mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient to defeat a motion for summary judgment properly made by the moving parties (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the respondents' respective motions for summary judgment were properly granted. Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.