813 So.2d 167 (2002)
COCA-COLA BOTTLING COMPANY, et al., Appellant/Cross-Appellees,
v.
Linda HAGAN and Dobie Hagan, et al., Appellee/Cross-Appellants.
No. 5D98-1463.
District Court of Appeal of Florida, Fifth District.
March 15, 2002.
Rehearing Denied April 19, 2002.
*168 Raoul G. Cantero, III, Gregory A. Victor, and Jeffrey W. Blacher, of Adorno & Zeder, P.A., Miami, for Appellants/Cross-Appellees.
Russell S. Bohn, of Caruso, Burlington, Bohn Compiani, P.A., West Palm Beach, and Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.A., Stuart, for Appellees/Cross Appellants.

ON REMAND FROM THE FLORIDA SUPREME COURT
SHARP, W., J.
This cause has been remanded to us for further consideration in light of the Florida Supreme Court's holding that the "impact rule" does not bar recovery of damages for mental distress which is not accompanied by physical injury against a defendant responsible for providing a plaintiff with food or beverage containing a foreign substance,[1] which the plaintiff consumes.
In our initial opinion in this case, we held that the impact rule barred the plaintiffs' recovery of damages, and certified the issue to the Florida Supreme Court for resolution. Coca-Cola Bottling Company v. Hagan, 750 So.2d 83 (Fla. 5th DCA 1999). We also concluded that the damages awarded could not be supported based on the record before us, because they related to the plaintiffs' fear of having come into contact with the AIDS virus and they failed to establish any basis for this fear. We continue to adhere to that conclusion.
The facts of the case are set out in our prior opinion. In sum, the plaintiffs, Hagan and Parker, consumed some of the contents of a bottle of Coca-Cola which tasted flat. Upon inspection, it appeared to have a foreign object floating in it which they assumed was a "used condom." Neither investigated or had the contents of the bottle examined. They did give the bottle to Coca-Cola for analysis. It was inspected and analyzed by Dr. Forrest Bayer, a Ph.D chemist and manager of Coca-Cola Quality Assurance Department. He concluded that although on visual inspection the foreign object appeared to be a condom, it was "to a scientific certainty" a mold.
Based on the Florida Supreme Court's opinion in this case, recovery of damages for consuming a part of a bottle of Coca Cola containing a mold is possible. However, virtually all of the damages established by the plaintiffs related to their fear they had been exposed to the AIDS virus and we conclude they established no valid basis for this fear. Had they had the contents of the bottle examined and analyzed, their emotional damages would have been minimal.
Hagan and Parker established that their first action, after drinking part of the contents of the can of Coke, was to seek treatment for protection against AIDS, including tests for HIV, immediately and again six months later. They testified they were fearful their possible exposure to AIDS would damage their child care business and reputations. They were embarrassed and humiliated because others *169 knew about their possible exposure to this dreadful disease. They were fearful that they could, in the indefinite future, contract AIDS, and this fear of becoming HIV positive interfered with one plaintiff's marital relations. Recognizing that the plaintiffs' fear of contracting AIDS was the basis and essence of their damage claim, the trial court ruled and so instructed the jury that their recovery for emotional distress should be limited to the time beginning with their drinking the Coca-Cola to six months later when they received a negative HIV test. He concluded that after that time, the plaintiffs' fears of contracting AIDS would not be reasonable because there was no scientific basis to substantiate their emotional upset beyond that point.[2]
Our view of the record is similar, except we conclude the plaintiffs failed to establish any rational or scientific basis for their fear of contracting AIDS at any time. As noted in our first opinion, we found no reported appellate case throughout the United States that would allow recovery for fear of contracting AIDS based on a record like the one in this case. The fear of AIDS cases in which recovery has been permitted for negligent infliction of emotional distress and upset alone, require as a threshold, a showing by the plaintiff that the fear is reasonable. The great majority of cases say this means the plaintiff must show that the virus was present, and that the contact between the material containing the virus and the plaintiff was a medically and scientifically accepted channel for the transmission of the disease.[3] A minority of courts hold that actual presence of HIV or AIDS need not be shown, if it is likely and probable to believe the virus was present, and there was a medically and scientifically accepted channel shown by which the plaintiff could have become *170 infected.[4]
Neither standard was met in this case. The plaintiffs failed to establish the foreign item in the bottle was a used condom. But for purposes of argument only, even if they had established that fact, they failed to establish the virus was present. Only a very small percentage of the general population is HIV positive or has AIDS and the mere presence of semen would not be enough.[5]
The appellees also failed to show a medically and scientifically accepted channel for transmitting the disease.[6] Without such showings or proofs, a plaintiff's fear of contracting AIDS is unreasonable as a matter of law and not a legally compensable injury.[7] As a matter of public policy, the allowance of such lawsuits without the threshold proofs discussed above could lead to an explosion of frivolous litigation,[8] opening as some courts say a "Pandora's box" of AIDS phobia claims.[9]
We conclude that the judgment being appealed in this case must be reversed because the plaintiffs failed to establish a basis for an award of damages based on fear of getting AIDS.
REVERSED.
PETERSON and PALMER, JJ., concur.
NOTES
[1] Hagan v. Coca-Cola Bottling Co., 804 So.2d 1234 (Fla.2001).
[2] Although no medical or scientific testimony was elicited to justify the trial court's decision, many courts, with extensive footnotes to medical journals and the like, have reached the same conclusion. See Majca v. Beekil, 289 Ill.App.3d 760, 224 Ill.Dec. 692, 682 N.E.2d 253 (1st Dist.1997); Burk v. Sage Products, Inc., 747 F.Supp. 285 (E.D.Pa.1990); Kerins v. Hartley, 27 Cal.App.4th 1062, 33 Cal. Rptr.2d 172 (2d Dist.1994); Brown v. NYC Health and Hospitals Corp., 225 A.D.2d 36, 648 N.Y.S.2d 880 (1996).
[3] Babich v. Waukesha Memorial Hospital, Inc., 205 Wis.2d 698, 556 N.W.2d 144 (App. 1996); De Milio v. Schrager, 285 N.J.Super. 183, 666 A.2d 627 (1995); Kaufman v. Physical Measurements, Inc., 207 A.D.2d 595, 615 N.Y.S.2d 508 (3d Dept.1994); Doe v. Surgicare of Joliet, Inc., 268 Ill.App.3d 793, 205 Ill.Dec. 593, 643 N.E.2d 1200 (3d Dist.1994); Johnson v. West Virginia University Hospitals, Inc., 186 W.Va. 648, 413 S.E.2d 889 (1991); Russaw v. Martin, 221 Ga.App. 683, 472 S.E.2d 508 (1996); Reynolds v. Highland Manor, Inc., 24 Kan.App.2d 859, 954 P.2d 11 (1998); Majca v. Beekil, 289 Ill.App.3d 760, 224 Ill.Dec. 692, 682 N.E.2d 253 (1st Dist. 1997); Seimon v. Becton Dickinson & Co., 91 Ohio App.3d 323, 632 N.E.2d 603 (1993); Burk v. Sage Products, Inc., 747 F.Supp. 285 (E.D.Pa.1990); Montalbano v. Tri-Mac Enterprises of Port Jefferson, Inc., 236 A.D.2d 374, 652 N.Y.S.2d 780 (1997); Pendergist v. Pendergrass, 961 S.W.2d 919 (Mo.App.1998); Falcon v. Our Lady of Lake Hospital, 729 So.2d 1169 (La.App.1999); Kerins v. Hartley, 27 Cal.App.4th 1062, 33 Cal.Rptr.2d 172 (2d Dist.1994); Hare v. State, 173 A.D.2d 523, 570 N.Y.S.2d 125 (2d Dept.1991); Brown v. NYC Health and Hospitals Corp., 225 A.D.2d 36, 648 N.Y.S.2d 880 (2d Dept.1996); Lubowitz v. Albert Einstein Medical Center, Northern Division, 424 Pa.Super. 468, 623 A.2d 3 (1993); Carroll v. Sisters of St. Francis Health Services, Inc., 868 S.W.2d 585 (Tenn.1993); Neal v. Neal, 125 Idaho 627, 873 P.2d 881 (App. 1993), affirmed in part, reversed in part, 125 Idaho 617, 873 P.2d 871 (Id.1994); Funeral Services by Gregory, Inc. v. Bluefield Comm. Hospital, 186 W.Va. 424, 413 S.E.2d 79 (1991); Brzoska v. Olson, 668 A.2d 1355 (Del.Super.), affirmed in part, reversed in part, 668 A.2d 1355 (Del.Super.1995); Doe v. Doe, 136 Misc.2d 1015, 519 N.Y.S.2d 595 (Sup. 1987) K.A.C. v. Benson, 527 N.W.2d 553 (Minn.1995).
[4] See Marchica v. Long Island RR Co., 31 F.3d 1197 (2d Cir.1994); Castro v. New York Life Ins., 153 Misc.2d 1, 588 N.Y.S.2d 695 (Sup. 1991); Blair v. Elwood Union Free Public Schools, 238 A.D.2d 295, 656 N.Y.S.2d 52 (2d Dept.1997); Bordelon v. St. Frances Cabrini Hospital, 640 So.2d 476 (La.App. 3d Cir. 1994).
[5] See Babich v. Waukesha Memorial Hosp., Inc., 205 Wis.2d 698, 556 N.W.2d 144 (App. 1996) (presence of needle not enough); Kaufman v. Physical Measurements, Inc., 207 A.D.2d 595, 615 N.Y.S.2d 508 (3d Dept.1994) (needle stick alone not enough); Reynolds v. Highland Manor, Inc., 24 Kan.App.2d 859, 954 P.2d 11 (1998) (contact with used condom, exposure to cut on hand insufficient); Seimon v. Becton Dickinson & Co., 91 Ohio App.3d 323, 632 N.E.2d 603 (1993) (needle stick alone insufficient).
[6] See Montalbano v. Tri-Mac Enterprises of Port Jefferson, Inc., 236 A.D.2d 374, 652 N.Y.S.2d 780 (2d Dept.1997) (eating french fries sprinkled with human blood not a channel for transmission); Brzoska v. Olson, 668 A.2d 1355 (Del.Super.), affirmed in part, reversed in part, 668 A.2d 1355 (Del.Super.1995) (patient had teeth extracted by dentist who had AIDS).
[7] 38 Am.Jur.2d, Fright, Shock, § 39; Bishop v. Mount Sinai Medical Center, 247 A.D.2d 329, 669 N.Y.S.2d 530 (1st Dept.1998); Babich v. Waukesha Memorial Hosp., Inc., 205 Wis.2d 698, 556 N.W.2d 144 (App.1996); Kaufman v. Physical Measurements, Inc., 207 A.D.2d 595, 615 N.Y.S.2d 508 (3d Dept.1994); Russaw v. Martin, 221 Ga.App. 683, 472 S.E.2d 508 (1996).
[8] Pendergist v. Pendergrass, 961 S.W.2d 919 (Mo.App.1998); Kerins v. Hartley, 27 Cal. App.4th 1062, 33 Cal. Rptr.2d 172 (2d Dist. 1994).
[9] Brzoska v. Olson, 668 A.2d 1355 (Del.Super.), affirmed in part, reversed in part, 668 A.2d 1355 (Del.Super.1995); Doe v. Doe, 136 Misc.2d 1015, 519 N.Y.S.2d 595 (Sup.1987).