984 P.2d 1251

Nicanor E. CASUMPANG, Jr.,
Plaintiff–Appellant,

v.

ILWU, LOCAL 142, Defendant–Appellee.

No. 22726.

Supreme Court of Hawai'i.

Oct. 6, 1999.

As Corrected Oct. 7, 1999.

Rebecca L. Covert, Herbert R. Takahashi, Stanford H. Masui, and Danny J. Vasconcellos, Honolulu (of Takahashi, Masui & Vasconcellos) for the defendant-appellee ILWU, Local 142 on the motion.

Nicanor E. Casumpang, Jr., plaintiff-appellant *pro se* in opposition to the motion.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

PER CURIAM.

The plaintiff-appellant Nicanor E. Casumpang, Jr. is appealing from a district court order dismissing his complaint for lack of subject-matter jurisdiction. The defendant-appellee International Longshore and Warehouse Union, Local 142, AFL–CIO (ILWU) moves to dismiss the appeal for lack of appellate jurisdiction, contending that this appeal is premature because the district court failed to enter a final judgment in favor of and against the appropriate parties pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 58 (1997).

For the reasons set forth below, we deny the ILWU's motion to dismiss.

## I. BACKGROUND

Casumpang is a member of the ILWU on Maui and was elected in 1994 a full-time business agent for the union. Due to an alleged violation of the ILWU's constitution, Casumpang was suspended as a member in good standing, disqualified from union office, prohibited from receiving any additional compensation, and fined.

On October 13, 1998, Casumpang filed a complaint against the ILWU in the district court of the second circuit, seeking $5,688.24 that he claimed the union owed him for unused vacation days. The ILWU filed an answer and counterclaim. The counterclaim was conditioned upon the complaint not being dismissed. If the district court did not dismiss the complaint and judgment was entered in favor of Casumpang, the counterclaim sought an offset of $7,636.00, representing the amount of the fine imposed on Casumpang by the ILWU.

On June 18, 1999, the ILWU filed a motion to dismiss Casumpang's complaint for lack of subject-matter jurisdiction. The ILWU contended that Casumpang's state law claim was preempted by federal law. On July 6, 1999, the district court entered an order granting the motion.

On July 12, 1999, Casumpang, proceeding pro se, filed a notice of appeal from the order granting the motion to dismiss. The ILWU now moves to dismiss Casumpang's appeal. The ILWU contends that we lack jurisdiction because the district court did not enter a final judgment, in accordance with HRCP Rule 58, in favor of and against the appropriate parties and did not enter a judgment on the counterclaim.

## II. DISCUSSION

Pursuant to HRS § 641–1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts.[1] In district court cases, a judgment "includes any order from which an appeal lies." See District Court Rules of Civil Procedure (DCRCP) Rule 54(a) (1996). A "final order" means an order ending the proceeding, leaving nothing further to be accomplished. Familian Northwest, Inc. v. Central Pacific Boiler and Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable. See Doe V. v. Roe V., 5 Haw.App. 610, 704 P.2d 940 (1985).

In civil cases brought in the circuit courts, HRCP Rule 58 requires the entry of a judgment on a separate document.[2] This court,

1. HRS § 641–1(a) provides in relevant part:

Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court or to the intermediate appellate court, except as otherwise provided by law. . . .

2. HRCP Rule 58 provides:

Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk, but the court shall di-

rect the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The filing of the judgment in the office of the clerk constitutes the entry of the judgment, and the judgment is not

in *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 869 P.2d 1334 (1994), stated that the HRCP Rule 58 separate judgment rule would be strictly enforced and that an appeal would be dismissed if the circuit court's order in question was not reduced to a separate judgment in favor of and against the appropriate parties, pursuant to HRCP Rule 58. *Jenkins,* 76 Hawai'i at 119, 869 P.2d at 1338.

■ Contrary to the ILWU's argument, HRCP Rule 58 does not govern district court cases. Indeed, HRCP Rule 1 (1996) expressly limits the "scope" of the HRCP to "procedures in the circuit courts of the State in all suits of a civil nature, whether cognizable as cases at law or in equity," subject to exceptions not material here. This court has promulgated separate rules governing civil procedure in the district courts, *see* District Court Rules of Civil Procedure (DCRCP) Rule 1 (1996). DCRCP Rule 58 (1996), in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document."[3] Thus, the requirements set forth in *Jenkins, supra,* are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

■ In the instant case, the district court's order granting the ILWU's motion to dismiss Casumpang's complaint for lack of subject-matter jurisdiction finally disposed of the proceeding, leaving nothing further to be adjudicated. Because the district court dismissed the complaint, the counterclaim that the ILWU conditioned upon the district court not dismissing the complaint is not

outstanding. Therefore, this court has jurisdiction over Casumpang's appeal.

## III. *CONCLUSION*

Based upon the foregoing reasons, the motion to dismiss the appeal is denied.

---

effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. *Every judgment shall be set forth on a separate document.*
(Emphasis added).

3. DCRCP Rule 58 provides:

When the court directs entry of judgment in any case, the court shall order the prevailing party or the clerk to prepare such judgment of

the court. When the clerk is ordered to prepare the judgment the clerk shall sign and enter it forthwith, unless directed by the court to submit the form of the judgment for the court's approval. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs.