22 P.3d 97

**CRSC, INC., a Hawai'i corporation, Plaintiff–Appellee,**

v.

**SAGE DIAMOND COMPANY, INC., a Hawai'i corporation, and Vincent F. Sage, Defendants/Third–Party Plaintiffs–Appellants,**

**and**

**Mark Richards, John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, Roe "Non–Profit" Corporations 1–10, and Roe Governmental Entities 1–10, Third–Party Defendants–Appellees.**

No. 23343.

Intermediate Court of Appeals of Hawai'i.

April 3, 2001.

Stuart M. Cowan, on the briefs, for Defendants/Third–Party Plaintiffs/Appellants.

S. V.(Bud) Quitiquit and Charles M. Heaukulani, (of counsel, Brooks Tom Porter & Quitiquit), on the briefs, for Plaintiff/Counterclaim Defendant/Appellee · CRSC and Third–Party Defendant/Appellee Mark Richards.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

This case involves a complaint, a counterclaim, and a third-party complaint. The four parties in this case are Plaintiff/Counterclaim Defendant–Appellee CRSC, Inc., a Hawai'i corporation (CRSC), the sublessor; Defendants/Counter–claimants/Third–Party Plaintiffs–Appellants Sage Diamond Company, Inc., a Hawai'i corporation (Sage Diamond Company), the sublessee, and Vincent F. Sage (Sage), the guarantor of the sublessee's performance; and Third–Party Defendant–Appellee Mark Richards (Richards), President and Director of CRSC.

Sage Diamond Company and Sage (collectively, the Sages) appeal the circuit court's February 3, 2000 Judgment ordering them to pay $2,046 attorney fees to Richards for the Sages' third-party complaint. We dismiss this appeal for lack of appellate jurisdiction.

## BACKGROUND

Maryl Development, Inc. (Maryl), as sublessor of the Crossroads Shopping Center situated in the District of North Kona, County and State of Hawai'i, subleased commercial Space No. 113 to Sage Diamond Company. Sage personally guaranteed Sage Diamond Company's contractual obligations under the sublease. CRSC succeeded Maryl as the sublessor of the Crossroads Shopping Center.

On December 10, 1998, in the district court, CRSC filed a complaint in assumpsit against the Sages seeking unpaid rent and other charges on the sublease. Upon a demand by Sage Diamond Company for a jury trial, the case was transferred to the circuit court. On March 24, 1999, in the circuit court, Sage Diamond Company filed a counterclaim against CRSC and a third-party complaint against Richards for breach of a settlement agreement of the rent dispute.[1] CRSC answered the counterclaim, and Richards answered the third-party complaint.

On May 17, 1999, a "Stipulation for Dismissal with Prejudice of Amended Third–Party Complaint" (May 17, 1999 Stipulation), signed by Charles M. Heaukulani, counsel for Richards, and Stuart M. Cowan, counsel for the Sages, was approved and ordered by the circuit court and filed. This May 17, 1999 Stipulation was silent regarding attorney fees and costs.[2]

On August 23, 1999, Richards filed "Third Party Defendant Mark Richards' Motion for Award of Attorneys' Fees" seeking an award

---

1. The March 24, 1999 Counterclaim and Third Party Complaint stated, in relevant part, as follows:

    6. Prior to September 5, 1998, [the Sages] were tenants in that certain property known as "Crossroads Shopping Center". . . .

    7. On or about September 5, 1998, [the Sages] entered into an agreement to sell the leased premises as a going business to one Sandy Morton.

    8. Thereafter [CRSC] and [the Sages] entered into a settlement agreement wherein [the Sages] would return the leased premises and all improvements therein to [CRSC] who would then release [the Sages] from any obligation under the existing lease and would relet said premises to said Sandy Morton.

    9. Thereafter, and relying upon said settlement agreement, [the Sages] returned the said premises and full possession thereof, together with all furniture, fixtures and improvements to [CRSC] who accepted the premises, and relet the premises to the said Sandy Morton but at a reduced cost.

2. In our view, courts should not enter orders of dismissal that do not decide the questions of (a) liability for costs and attorney fees and (b) with or without prejudice.

of attorney fees and costs from the Sages with respect to the third-party action. On August 27, 1999, the Sages filed "Defendants/Third Party Plaintiffs' Ex Parte Motion for Extension of Time to Respond to [Richards'] Motion for Award of Attorneys' Fees Dated 8/19/99." On September 23, 1999, the "Order Granting [Richards'] Motion for Award of Attorney's Fees and Denying [the Sages'] Motion for Extension of Time to Respond to Motion for Award of Attorney's Fees" (September 23, 1999 Order) was entered. In the September 23, 1999 Order, the circuit court denied Sage's motion for an extension of time and ordered, pursuant to Hawai'i Revised Statutes (HRS) § 607-14 (Supp.2000), the Sages to pay attorney fees of $2,046 to Richards.

On October 19, 1999, the court granted the Sages' September 28, 1999 motion for reconsideration of the September 23, 1999 Order. However, on November 15, 1999, the court entered its "Order Denying [the Sages'] Motion for Reconsideration of Order Granting [Richards'] Motion for Award of Attorney's Fees Filed September 23, 1999" (November 15, 1999 Order), which states, in relevant part, as follows: "IT IS HEREBY ORDERED that the Motion is denied. Fees and Costs are awarded pursuant to Order Granting Third-Party Defendant Mark Richards' Motion For Award Of Attorney's Fees filed September 23, 1999."

On December 14, 1999, a "Stipulation for Dismissal of All Claims and All Parties and Order" (December 14, 1999 Stipulation), signed by Charles M. Heaukulani, counsel for CRSC, and Stuart M. Cowan, counsel for the Sages, was approved and ordered by the circuit court and filed. It states, in relevant part, "that all claims and counterclaims asserted in this case be and hereby are dismissed, each party to bear its own attorneys' fees and costs. There are no remaining parties and/or issues. Trial has not been set in this matter."

On February 3, 2000, pursuant to the previously entered November 15, 1999 Order, the circuit court filed its "Judgment" stating, "Judgment in the sum of $2,046.00 for attorneys' fees is awarded to [Richards] as against [the Sages]." On February 10, 2000, the

Sages filed "Defendants/Third Party Plaintiffs' Motion to Set Aside [the February 3, 2000 Judgment]" on the ground that the December 14, 1999 Stipulation deprived the court of jurisdiction and authority to enter the February 3, 2000 Judgment. On March 29, 2000, the trial judge denied the motion. The Sages appealed.

### POINT ON APPEAL

The Sages contend that after the entry of the December 14, 1999 Stipulation, the circuit court lacked jurisdiction to enter the February 3, 2000 Judgment awarding attorney fees to Richards because the December 14, 1999 Stipulation stated "that all claims and counterclaims asserted in this case be and hereby are dismissed, each party to bear its own attorneys' fees and costs. There are no remaining parties and/or issues." The Sages further contend that the circuit court lacked jurisdiction "unless an independent action has been brought to enforce the settlement, or the stipulated dismissal has been vacated pursuant to [Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(6)]." In their words, the court "erred in taking remedial action in the form of entering judgment against [the Sages] **after** the dismissal was *ordered,* without setting aside the settlement, voiding the dismissal of all claims and all parties, inter alia on the grounds of mistake, and setting the case for trial on the merits." (Emphases in original.)

### STANDARD OF REVIEW

■ "In each appeal, the [Hawai'i Supreme Court] [and/or the Hawai'i Intermediate Court of Appeals] is required to determine whether it has jurisdiction." *Wong v. Wong,* 79 Hawai'i 26, 29, 897 P.2d 953, 956 (1995). The court's jurisdiction to consider matters brought before it is a question of law. *United States v. Lorenzo,* 995 F.2d 1448, 1456 (9th Cir.1993), *cert. denied,* 510 U.S. 881, 114 S.Ct. 225, 126 L.Ed.2d 180. On appeal, questions of law are reviewed *de novo* under the right/wrong standard. *Gump v. Wal-Mart Stores, Inc.,* 93 Hawai'i 417, 420, 5 P.3d 407, 410 (2000) (citing *Roes v. FHP, Inc.,* 91 Hawai'i 470, 473, 985 P.2d 661, 664 (1999)).

## RELEVANT RULE OF CIVIL PROCEDURE

The last two sentences of HRCP Rule 58 state, "The entry of the judgment shall not be delayed for the taxing of costs. Every judgment shall be set forth on a separate document."

## RELEVANT PRECEDENT

In *Ellis v. Crockett*, 51 Haw. 45, 59–60, 451 P.2d 814, 824 (1969), the Hawai'i Supreme Court stated, in relevant part, as follows:

> An order dismissing a complaint in its entirety is a judgment denying all relief to the plaintiff whose complaint is being dismissed. Because the *order* dismissing the entire case is in fact a *judgment*, it is governed by the Hawaii Rules of Civil Procedure applicable to judgments. Thus, for example, H.R.C.P., Rule 58 providing that the judgment is not effective until filed or entered is equally applicable to orders dismissing a case. Likewise, the time limitations for the entry of judgment for purposes of appeal under Rule 73 and the requirement for notice upon entry of judgment pursuant to Rule 77(d) are applicable to such an order.

(Emphases in the original.)

In *Jenkins v. Cades Schutte Fleming & Wright*, 76 Hawai'i 115, 119–20, 869 P.2d 1334, 1338–39 (1994), the Hawai'i Supreme Court stated, in relevant part, as follows:

> Therefore, we hold: (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be

taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, *on its face*, either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

These holdings are intended to establish bright line rules so there will be little doubt in most cases about when an appeal may be taken.... Thus, after March 31, 1994 an appeal from an order that purports to be a final order as to all claims and parties in civil cases may be taken only after the order has been reduced to a judgment in favor of or against the parties.[4] If claims are resolved by a series of orders, a final judgment upon all the claims must be entered. The "judgment shall not contain a recital of the pleadings," HRCP 54(a), but it must, *on its face*, show finality as to all claims against all parties.

---

4. For example: "Pursuant to the jury verdict entered on *(date)*, judgment in the amount of $____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so; for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter–Defendant Z." or "all other claims, counterclaims, and cross-claims are dismissed."

(Emphasis in original.)

## DISCUSSION

In essence, after the complaint, the counterclaim, and the third-party complaint were filed and disputed, the relevant events occurred in the following sequence:

1. On May 17, 1999, a stipulated order dismissed the third-party complaint. This stipulated order was silent on the question of costs and attorney fees.

2. On September 23, 1999, an order was entered ordering the Sages to pay attorney fees of $2,046 to Richards.

3. On December 14, 1999, a stipulated order approved and ordered the stipulation

"by and between Plaintiff/Counter-claim Defendant CRSC, Inc., and Defendants/Counterclaimants Sage Diamond Company, Inc. and Vincent F. Sage, ... pursuant to Rule 41(a)(1)(B) of the Hawaii Rules of Civil Procedure, that all claims and counterclaims asserted in this case be and hereby are dismissed, each party to bear its own attorneys' fees and costs. There are no remaining parties and/or issues." Although Sage Diamond Company was a participant in this December 14, 1999 Stipulation, it was a participant solely as a defendant-counterclaimant and not as a third-party plaintiff. The December 14, 1999 Stipulation did not mention the November 15, 1999 Order which awarded attorney fees or the May 17, 1999 Stipulation which dismissed the third-party complaint. Richards was not a participant in the December 14, 1999 Stipulation.

4. On February 3, 2000, the court entered a judgment for the attorney fees ordered in no. 2.

5. On February 10, 2000, the Sages, as defendants-third party plaintiffs, moved to set aside no. 4.

6. On March 29, 2000, the court denied the February 10, 2000 motion noted in no. 5.

7. On April 6, 2000, the Sages, as defendants-third party plaintiffs, appealed nos. 4 and 6.

In this appeal, the Sages argue that no. 3 bars no. 4.

### A.

■ *Ellis* governs situations when all claims are dismissed. It states that "the *order* dismissing the entire case is in fact a *judgment* [.]" *Ellis*, 51 Haw. at 59, 451 P.2d at 824 (emphases in original).

*Jenkins* governs situations where at least one claim is decided on the merits no matter how many claims are dismissed. *Jenkins* requires "a judgment" that "resolves" all claims against all parties.

■ Applying the rule of *Jenkins* to the *Ellis* situation, we conclude that in the *Ellis* situation where all claims are dismissed and there is no relevant HRCP Rule 54(b) certification as to one or more but not all of the dismissals, there must be one final order (judgment) dismissing all claims against all parties.[3] We further conclude that the *Ellis* and *Jenkins* one "judgment" requirement discussed above was not satisfied in this case. The December 14, 1999 Stipulation dismissing all claims and counterclaims failed to restate the May 17, 1999 Stipulation's dismissal of the Amended Third–Party Complaint. Therefore, the December 14, 1999 Stipulation is not a final and appealable "judgment" as required by the combination of *Ellis* and *Jenkins*.

■ Similarly, the September 23, 1999 Order and the February 3, 2000 Judgment are not appealable, and we do not have appellate jurisdiction to review them. "Absent entry of an appealable final judgment on the claims [to which the attorneys' fees and costs relate], the award of attorneys' fees and costs is ... not appealable." *Fujimoto v. Au*, 95 Hawai'i 116, 19 P.3d 699 (2001).

In other words, this case involves a complaint, a counterclaim, and a third-party complaint. The May 17, 1999 Stipulation ordered the dismissal of the third-party complaint. The December 14, 1999 Stipulation ordered the dismissal of the complaint and the counterclaim. The September 23, 1999 Order ordered the third-party plaintiffs to pay $2,046 attorney fees to the third-party defendant. In the instant case, the last sentence of HRCP Rule 58, as interpreted by the combination of *Ellis* and *Jenkins*, requires the entry of one "order of dismissal" or "judgment" that includes both the May 17, 1999 Stipulation and the December 14, 1999 Stipulation. This requirement has not been satisfied. Therefore, this appeal is premature.

### B.

■ Turning to the September 23, 1999 Order, the February 3, 2000 Judgment, and the question of costs and attorney fees, this

---

3. The requirement of the entry of a comprehensive final judgment on a separate document does not apply to cases in district court. *Casumpang*

*v. ILWU Local 142*, 91 Hawai'i 425, 984 P.2d 1251 (1999).

is not a case where attorney fees are a part of the damages claimed. Thus, the trial court's decisions with respect to these costs and attorney fees are not required to be stated in the one separate final judgment required by the combination of *Ellis* and *Jenkins*.

The Hawai'i Supreme Court has stated that "ordinarily counsel fees are not taxable as costs against the losing party in the absence of a statute, agreement or stipulation authorizing the allowance thereof." *Yokochi v. Yoshimoto*, 44 Haw. 297, 307, 353 P.2d 820, 826, *reh'g denied*, 44 Haw. 342, 353 P.2d 820 (1960). In the instant case, attorney fees are taxable as costs pursuant to HRS § 607–14 (1993).

The "[e]ntry of judgment and taxation of costs are separate legal acts." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d §§ 2781 and § 2785 (1995). Moreover, as noted in HRCP Rule 58, "The entry of the judgment shall not be delayed for the taxing of costs."

■■■■■ When the issue of "costs" in the form of "attorney fees" is expressly decided in the one "judgment" in the case required by *Ellis* and/or *Jenkins*, that decision is final and appealable when that judgment is entered. The same is true of a "determination that fees are awardable[.]" *SGM Partners v. The Profit Co.*, 8 Haw.App. 86, 134, 793 P.2d 1189, 1217 (1990) (citation omitted).[4]

When neither the issue of "costs" in the form of "attorney fees" or the issue of whether fees are awardable is expressly decided in the one "judgment" in the case required by *Ellis* and/or *Jenkins*, the following rules are relevant.

Effective January 1, 2000, HRCP Rule 54(d)(2)(B) states, in relevant part, as follows:

Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees and related nontaxable expenses] must be filed and served no later than 14 days after entry of an appealable order or judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Effective January 1, 2000, Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3) states, in relevant part, as follows:

*Time to Appeal Affected by Post–Judgment Motions.* If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

All timely post-judgment motions shall be disposed of by order entered upon the record at the same time. The notice of appeal shall be deemed to appeal disposition of all post-judgment motions that are filed within 10 days after entry of judgment.

The 90–day period shall be computed as provided in Rule 26.

■■■■ Under HRAP Rule 4(a)(3), a motion for attorney fees or costs filed not later than 10 days after entry of judgment extends the time for filing the notice of appeal. The same motion filed on the 11th, 12th, 13th, or 14th day after entry of judgment is timely but does not extend the time for filing the notice of appeal. Thus, if this latter motion is not decided before a valid notice of appeal

---

4. Footnote 16 in *Fujimoto v. Au*, 95 Hawai'i 116, 19 P.3d 699 (2001), states:

An order taxing "costs" in the form of "attorney fees" that is entered prior to a valid notice of appeal of the claim(s) to which those attorney fees relate and/or a "determination that fees are awardable" that is entered prior to a valid notice of appeal of the claim(s) to which those attorney fees relate "may not be certified as a final judgment, pursuant to [Hawai'i Rules of Civil Procedure] Rule 54(b)."

is timely filed, the circuit court lacks jurisdiction to decide it while the case is on appeal. This is because "[w]hile a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal." *Wong v. Wong*, 87 Hawai'i 475, 486, 960 P.2d 145, 156 (1998) (citations omitted).

### C.

The December 14, 1999 Stipulation states, in relevant part, as follows:

IT IS HEREBY STIPULATED, by and between Plaintiff/Counter-claim Defendant CRSC, Inc., and Defendants/Counterclaimants Sage Diamond Company, Inc. and Vincent F. Sage, by and through their undersigned counsel of record, pursuant to Rule 41(a)(1)(B) of the Hawaii Rules of Civil Procedure, that all claims and counterclaims asserted in this case be and hereby are dismissed, each party to bear its own attorneys' fees and costs. There are no remaining parties and/or issues. Trial has not been set in this matter.

The Sages argue that the December 14, 1999 Stipulation bars Richards from seeking attorney fees. We note that "it is axiomatic that one not a party to a stipulation may not be bound by it." *Thomas v. State*, 57 Haw. 639, 643, 562 P.2d 425, 427 (1977) (citing *Arnett v. Throop*, 75 Idaho 331, 272 P.2d 308 (1954)). The December 14, 1999 Stipulation was signed by counsel for CRSC, counsel for the Sages, and the court. It was not signed by Richards or his counsel. The fact that the same attorney represented both CRSC and Richards in this case is irrelevant. When that attorney signed the December 14, 1999 Stipulation, he did so only as "Attorney for Plaintiff/Counterclaim Defendant CRSC, Inc." and not as counsel for Richards.

### CONCLUSION

Accordingly, we dismiss this appeal for a lack of appellate jurisdiction.