NO. 30103

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CFI, INC., a Hawaii corporation,
Plaintiff-Appellant,

v.

TEX, INC., a Hawaii corporation, ALA KAI REALTY, INC.,
a Hawaii corporation, ERNEST B. TEXEIRA, HAMAKUA
COAST REALTY, INC., a Hawaii corporation, et al.,
Defendants-Appellees,

and

ALA KAI REALTY, INC. and ERNEST B. TEXEIRA,
Third-Party Plaintiffs,

v.

DONALD J. COOK, et al.,
Third-Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 06-1-0380)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record in this case, it appears that
we lack jurisdiction over the appeal that Plaintiff-Appellant
CFI, Inc. (Appellant CFI), has asserted from the Honorable
Elizabeth Strance's October 8, 2008 "Judgment in Favor of
Defendant Tex Inc. and Against Plaintiff CFI Inc." (October 8,
2008 judgment), September 4, 2009 "Judgment in Favor of Defendant
Tex Inc. and Against CFI Inc. on Remaining Claims" (the
September 4, 2009 judgment), and the November 13, 2009 "Judgment
in Favor of Defendant Tex Inc. and Against Plaintiff CFI Inc. for
Attorney's Fees" (the November 13, 2009 judgment awarding

attorney's fees), because these three judgments are not appealable.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2008) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on HRCP Rule 58, the Supreme Court of Hawai'i holds that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. Furthermore, "if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP [Rule] 54(b)[.]" Id. Therefore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id.

Although the parties have asserted multiple claims

against multiple parties in this case, neither the October 8, 2008 judgment nor the September 4, 2009 judgment resolves all claims against all parties. Although both the October 8, 2008 judgment and the September 4, 2009 judgment resolve some, but not all, of the parties' claims, neither the October 8, 2008 judgment nor the September 4, 2009 judgment contains the express finding of no just reason for delay in the entry of judgment that is necessary certification under HRCP Rule 54(b) for an appeal from a judgment that resolves one or more but less than all of the parties' claims. Therefore, neither the October 8, 2008 judgment nor the September 4, 2009 judgment satisfies the requirements for an appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

The November 13, 2009 judgment awarding attorney's fees also does not satisfy the requirements for an appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. The November 13, 2009 judgment awarding attorney's fees does not resolve any of the parties' substantive claims, but, instead, the November 13, 2009 judgment awarding attorney's fees awards attorney's fees in favor of Defendant-Appellee Tex, Inc. (Appellee Tex), and against Appellant CFI. The Supreme Court of Hawaiʻi has explained "that [a] circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawaiʻi 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawaiʻi 301,

307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). Therefore, "[a]bsent entry of an appealable final judgment on the claims [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto, 95 Hawai'i at 123, 10 P.3d at 706; CRSC, Inc., 95 Hawai'i at 306, 22 P.3d at 102. As already explained, the circuit court has not yet entered an appealable final judgment on Appellant CFI's claims against Appellee Tex. Therefore, the November 13, 2009 judgment awarding attorney's fees is not eligible for appellate review.

Absent a timely appeal from an appealable final judgment, Appellant CFI's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number 30103 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 4, 2010.

Chief Judge

Associate Judge

Associate Judge