**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000288**
**16-SEP-2020**
**07:50 AM**

NO. CAAP-20-0000288

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOHANNA LEAIRD,
Plaintiff-Appellant/Cross-Appellee,
v.
LELAND OKURA
Defendant-Appellee/Cross-Appellee,
and
TITLE GUARANTY ESCROW SERVICES,
Defendant-Appellee/Cross-Appellant,
and
ERNEST MEDEIROS PROPERTIES LLC,
Defendant-Appellee/Cross-Appellee


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC161000915)


ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of this appeal by Plaintiff/Appellant/
Cross-Appellee Johanna Leaird (Leaird) and cross-appeal by
Defendant/Appellee/Cross-Appellant Title Guaranty Escrow Service
(Title Guaranty) from the Honorable Darien W.L. Ching Nagata's
March 18, 2020 judgment on two prior March 10, 2020 post-judgment
orders awarding attorneys' fee and costs in favor of Title
Guaranty and against Leaird in District Court Civil No.
3RC161000915, it appears that the appeal and cross-appeal are

untimely under Rules 4(a)(1) and 4.1(b)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP).

The District Court's February 3, 2020 judgment was an appealable final judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and the holding in Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426-27, 984 P.2d 1251, 1252-53 (1999), because the February 3, 2020 judgment, on its face, resolved Leaird's September 19, 2016 complaint for breach of contract by entering judgment in favor of Leaird and against Defendant/Appellee/Cross-Appellee Leland Okura, and by dismissing Leaird's complaint as to Title Guaranty and Defendant/Appellee/Cross-Appellee Ernest Medeiros. No party timely appealed from the February 3, 2020 judgment.

A party can extend the time period for filing a notice of appeal by timely filing a tolling motion that invokes HRAP Rule 4(a)(3). However, HRAP Rule 4(a)(3) requires that the rule authorizing the motion must "specify the time by which the motion shall be filed" in order to invoke the tolling provision in HRAP Rule 4(a)(3). The District Court Rules of Civil Procedure do not specify any time by which a motion for attorneys' fees and costs shall be filed, and, thus, such a motion in District Court does not invoke the tolling provision in HRAP Rule 4(a)(3).

Nevertheless, any "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). The separate judgment requirement articulated in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), which is inapplicable to the District Court, is also inapposite in the post-judgment context. Ditto, 103 Hawaiʻi at 158, 80 P.3d at 979.

> Clearly, the rule in Jenkins – to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP

2

Rule 58 before an appeal may be taken – is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Id. at 159, 80 P.3d at 980. "Accordingly, the time for appealing the matters conclusively decided by the . . . [post-judgment] order commence[s] upon entry thereof, not upon entry of the superfluous . . . judgment on the [post-judgment] order." Id. at 159-60, 80 P.3d at 980-81. A post-judgment order that finally determines a post-judgment motion for attorneys' "fees and interest is an appealable final [post-judgment] order under HRS § 641-1(a)." Chun v. Board of Trustees, 106 Hawaiʻi 416, 429 n.12, 106 P.3d 339, 352 n.12 (2005).

The District Court utilized two March 10, 2020 post-judgment orders to collectively grant in part and deny in part Title Guaranty's February 12, 2020 post-judgment motion for an award of attorneys' fees and costs. The two March 10, 2020 post-judgment orders collectively awarded attorneys' fees and costs totaling $44,290.18 in favor of Title Guaranty and against Leaird, leaving nothing further for the District Court to accomplish in that particular post-judgment proceeding. Therefore, the two March 10, 2020 post-judgment orders are appealable final post-judgment orders pursuant to HRS § 641-1(a).

The District Court nevertheless reduced the two March 10, 2020 post-judgment orders to the separate March 18, 2020 judgment, which simply repeated the identical award of attorneys' fees and costs in the amount of §44,290.18 and did not amend the February 3, 2020 judgment or the March 10, 2020 orders. As the two March 10, 2020 post-judgment orders were immediately appealable final post-judgment orders, their entry triggered the time periods under HRAP Rule 4(a)(1) and HRAP Rule 4.1(b)(1) for asserting an appeal and cross-appeal. The subsequent entry of the essentially identical March 18, 2020 judgment did not postpone the time within which an appeal had to be taken from the two March 10, 2020 post-judgment orders.

3

Leaird did not file her April 17, 2020 notice of appeal within thirty days after entry of the two March 10, 2020 post-judgment orders, as HRAP Rule 4(a)(1) required for a timely appeal. Title Guaranty did not file its April 21, 2020 notice of cross-appeal within thirty days after entry of the two March 10, 2020 post-judgment orders, or within fourteen days after service of a timely notice of appeal, as HRAP Rule 4.1(b)(1) required for a timely cross-appeal. Therefore, Leaird's appeal and Title Guaranty's cross-appeal are untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that the appeal and cross-appeal in CAAP-20-0000288 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 16, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

4