**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000485**
**07-FEB-2023**
**02:17 PM**
**Dkt. 26 ODSLJ**

NO. CAAP-22-0000485

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

OUR HOME INVESTMENTS, LLC,
a Nevada Limited Liability Company, Plaintiff-Appellee,
v. DENNIS VELASCO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1DRC-22-0001832)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of self-represented Defendant-Appellant Dennis Velasco's (**Velasco**) Petition for Writ of Prohibition filed December 14, 2022 (**Petition**),[1] the papers in support, and the record, it appears that:

(1)  Velasco appeals from the "Order Denying Defendant's [District Court Rules of Civil Procedure Rule] 12.1 Motion" (**Denial Order**) entered August 1, 2022, in the District Court of the First Circuit (**district court**).

(2)  We lack jurisdiction over the appeal because the Denial Order is not a final, appealable order or judgment.  See Hawaii Revised Statutes § 641-1(a) (2016); Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (cleaned up).  Moreover, the Denial Order is not independently appealable under the collateral-order doctrine or Forgay doctrine, Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836

---

[1]  Due to an electronic filing error, this matter did not come to the court's attention until February 3, 2023.

(2016), and though the district court subsequently entered a Judgment for Possession (**Judgment**) in the underlying case on December 9, 2022, which is a final and appealable judgment, Velasco's August 8, 2022 notice of appeal does not meet the requirements for a premature appeal from a final judgment, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2). Therefore, the court must dismiss the appeal for lack of jurisdiction.

(3)   However, in the Petition, Velasco contends, *inter alia*, that the district court lacked authority to enter the Judgment and the December 9, 2022 Writ of Possession (**Writ**), and he seeks an order directing the district court to "rescind" the same pending this appeal.  The court construes the Petition as a new notice of appeal from the Judgment, and as a motion to stay enforcement of the Judgment and Writ.  See Waltrip v. TS Enterprises, Inc., 140 Hawaiʻi 226, 241, 398 P.3d 815, 830 (2016) ("Hawaii's courts and agencies [should] not construe pro se filings in a manner that leads to a decision that does not promote access to justice.").

(4)   It appears that Velasco fails to demonstrate entitlement to a stay pending appeal. See Stop Rail Now v. DeCosta, 120 Hawaiʻi 238, 243, 203 P.3d 658, 663 (App. 2008).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that the appellate clerk shall create a new CAAP case and re-file the Petition in that case as a (1) notice of appeal from the Judgment, and (2) motion for stay.

IT IS FURTHER ORDERED that Velasco's motion for stay is denied.

DATED:  Honolulu, Hawaiʻi, February 7, 2023.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

2