**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000304
10-OCT-2024
08:00 AM
Dkt. 31 ODSLJ**

NO. CAAP-24-0000304

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

NOE RAQUINIO, Plaintiff-Appellant, v.
SUBARU HYUNDAI BIG ISLAND MOTORS, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DRC-24-0000208)

ORDER
(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Upon consideration of Defendant-Appellee Subaru Hyundai Big Island Motors' (**BI Motors**) May 10, 2024 Motion to Dismiss Appeal (**Motion**), the papers in support, and the record, it appears that:

(1) Self-represented Plaintiff-Appellant Noe Raquinio (**Raquinio**) appeals from the April 9, 2024 oral decision of the District Court of the Third Circuit, North and South Kona Division (**District Court**) to grant BI Motors' Motion for Order Requiring Plaintiff to Post Security and for Prefiling Order.

(2) We construe Raquinio's notice of appeal as a premature appeal from the District Court's April 17, 2024 Order

Granting [BI Motors'] Motion for Order Requiring [Raquinio] to Post Security and for Prefiling Order (**Bond Order**), under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

(3) BI Motors asks the court to dismiss the appeal for lack of jurisdiction because no final, appealable order has been entered in the underlying case.

(4) We agree and conclude the appeal is premature. Though the Bond Order states that the District Court will dismiss the underlying case with prejudice if Raquinio fails to post the specified bond within twenty days, the order does not constitute an automatic dismissal effective within twenty days, but rather, contemplates further action (or inaction) by the parties before entry of a dismissal order. Cf. Hawaiʻi Revised Statutes § 641-1(a) (2016); Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) ("When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable."). Further, the Bond Order is not immediately appealable under the collateral-order or Forgay[1] doctrines. See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine).

---

[1]     Forgay v. Conrad, 47 U.S. 201 (1848).

Therefore, IT IS HEREBY ORDERED that the Motion is granted, and the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, October 10, 2024.

/s/ Katherine G. Leonard
Acting Chief Juge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge