**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000573
21-OCT-2025
08:24 AM
Dkt. 27 OGMD**

NO. CAAP-25-0000573

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARK MORRIS, Plaintiff-Appellee,
v.
JIM COLE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DRC-25-0000451)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Upon consideration of Plaintiff-Appellee Mark **Morris**'s October 9, 2025 Motion to Dismiss Appeal, the papers in support and in opposition, and the record, it appears as follows.

Morris seeks dismissal of the appeal for lack of jurisdiction because Defendant-Appellant Jim **Cole**'s August 14, 2025 Notice of Appeal was not timely-filed within thirty days of the District Court of the Second Circuit's June 4, 2024 **Judgment for Possession**, as required under Rule 4(a), Hawaiʻi Rules of Appellate Procedure. Cole counters that the appeal is timely because the time to appeal ran from entry of the District Court's July 15, 2025 Order Granting Plaintiff's Motion for Summary Judgment.

> Pursuant to [Hawaiʻi Revised Statutes (**HRS**)] § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation **by**

> **fully deciding all rights and liabilities of all**
> **parties, leaving nothing further to be adjudicated,**
> the judgment, order, or decree is final and
> appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (cleaned up; emphasis added).  The underlying complaint in this case raised a single claim for summary possession, which was fully adjudicated upon entry of the Judgment for Possession.  Accordingly, the Judgment for Possession is the operative appealable judgment under HRS § 641-1(a) (2016).  The record does not indicate that Cole received an extension of time to appeal, or that the deadline was otherwise tolled or extended.  Compliance with the requirement of timely filing a notice of appeal is jurisdictional.  Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995).

Therefore, IT IS HEREBY ORDERED that the motion is granted and the appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, October 21, 2025.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge